UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:17 CV 1552 (JMB) |
| SHARON SMITH, S.M.S., a female minor child, and RANDALL TRAMP, | ) ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant S.M.S. to dismiss plaintiff's claim against her as moot, pursuant to Rule 12(b)(1), Fed.R.Civ.P. Plaintiff Safeco Insurance Company of America has filed a response in opposition and the issues are fully briefed.[1]

### **I.**    **Background**

Plaintiff Safeco Insurance Company of America issued a policy of homeowners' insurance to Randall Tramp for the period of December 1, 2014, to December 1, 2015. On October 13, 2016, Tramp pleaded guilty to molesting his daughter S.M.S. for several years, including during the policy's coverage period. See Guilty Plea Petition [Doc. # 1-3]; see also Superseding Indictment [Doc. # 1-2]. In November 2016, attorney George Tillman filed a civil action in state court against Tramp on behalf of S.M.S. and her mother Sharon Smith. See

---

[1] On December 18, 2017, defendant filed a document containing both a response to court order and motion to dismiss. When the document was filed in the court's CM/ECF system, it was not flagged as a motion and plaintiff did not file a response within the time limits allowed by the Local Rules. On January 3, 2018, the docket entry was modified to reflect that the document included a motion to dismiss. In the editing process, the filing date was also changed. Plaintiff filed its response in opposition on January 9, 2018. Because defendant does not object, the Court will deem plaintiff's response in opposition as timely filed.

Petition [Doc. # 1-1]. That case is scheduled for trial on April 16, 2018. [Doc. # 29 at p. 4]. In addition, Mr. Tillman made a demand for coverage under the homeowners' insurance policy that plaintiff issued to Tramp. Complaint at ¶ 17 [Doc. # 1].

Plaintiff filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, against defendants Tramp, Smith, and S.M.S. Plaintiff seeks a declaration that the homeowners' policy does not afford coverage for the damages sought by S.M.S. and Smith in the state-court action. Defendants did not file answers or enter their appearance and the Clerk of Court entered default against defendants Tramp and Smith. On plaintiff's motion, the Court appointed Jeffrey S. Russell as guardian ad litem to represent the interests of the minor defendant S.M.S., and directed him to show cause why default should not be entered against her. Mr. Russell reports that he spoke with Attorney Tillman to determine what course of action is in the best interests of S.M.S. He asked Mr. Tillman to submit a letter to plaintiff withdrawing his prior demand for coverage. In a letter dated December 4, 2017, Mr. Tillman informed counsel for plaintiff that he does "not intend to pursue on behalf of S.M.S. any coverage under the homeowner's insurance policy" issued to defendant Tramp and formally withdrew his prior demand letter.[2] [Doc. # 28-1]. Guardian Russell also states that he will not assert a claim on behalf of S.M.S. [Doc. # 30 at p.7-8, n.3]. He seeks dismissal of plaintiff's claims against S.M.S. as moot.

**II.    Discussion**

The Court first addresses plaintiff's contention that defendant's motion to dismiss is untimely under Rule 12, Fed.R.Civ.P. "With limited exception, failure to file a motion within the time prescribed in Rule 12(b) is fatal for Rule 12 motions." Thomas D. Wilson Consulting, Inc. v. Keeley & Sons, Inc., No. 405CV02115 ERW, 2006 WL 2788389, at *3 (E.D. Mo. Sept.

---
[2] Mr. Tillman's letter is silent with respect to a demand for coverage on behalf of defendant Smith.

2

26, 2006). This argument is factually flawed, because the motion was filed fourteen days after the event that defendant argues moots plaintiff's claim — Attorney Tillman's letter withdrawing defendant's claim for coverage. Plaintiff's argument is also substantively flawed because mootness implicates a court's power to decide the claims before it, no matter when it arises. Article III, § 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies." Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). The question of whether "there remains a live case or controversy . . . goes to the Article III jurisdiction." Id. at 67. "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." North Carolina v. Rice, 404 U.S. 244, 246 (1971). "It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues." State of S.D. v. Hazen, 914 F.2d 147, 150 (8th Cir. 1990). A party claiming declaratory judgment jurisdiction, as plaintiff does here, must "establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." Selective Ins. Co. of S.C. v. Phusion Projects, Inc., 836 F. Supp. 2d 731, 733 (N.D. Ill. 2011) (emphasis in original) (citation omitted). Thus, the Court is obligated to determine whether plaintiff's claim against S.M.S. is moot.

A "case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009)). In the insurance context, "[t]he justiciability of a declaratory judgment action . . . hinges on whether a defendant is actually seeking to obtain coverage under the plaintiff's policy." Sec. Nat'l Ins. Co. v. Amchin, No. CV 15-750, 2016 WL 1392258, at *5 (E.D. Pa. Apr. 7, 2016); see also Sec. Nat. Ins. Co. v. F.D.I.C., No. CIV.A. 13-6736, 2015 WL 1973346, at *3 (E.D. Pa. May 1, 2015) ("This case and controversy is entirely

dependent upon Defendant seeking to obtain coverage under the Policy."). Where, as here, an insured withdraws a claim for coverage, there is no longer a case or controversy. See id. ("Plaintiff's liability to provide coverage exists because of Defendant's request for coverage. Since that request has been withdrawn, and it has been represented that it will never be resubmitted in the future, any question of Plaintiff's liability is extinguished."); Travelers Prop. Cas. Co. of Am. v. Centex Homes, No. 1:14-CV-1450-LJO-GSA, 2015 WL 966205, at *3 (E.D. Cal. Mar. 4, 2015) (declaratory judgment action moot once insured withdrew claim); Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP, No. 11CV0336-LAB-WVG, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013) ("[T]he bottom line is that Pacifica is not pursuing insurance coverage now" and "the issue of whether the Policy entitles Pacifica to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction.'); Unigard Ins. Co. v. Cont'l Warehouse, No. C-00-4279 WHO, 2001 WL 432396, at *2 (N.D. Cal. Apr. 26, 2001) ("There is no dispute between Continental Warehouse and Unigard unless and until Continental Warehouse resubmits a claim on the Unigard policy. This may never occur."); State Farm Mut. Auto. Ins. Co. v. Ormston, 550 F. Supp. 103, 106 (E.D. Pa. 1982) (withdrawal of claim for insurance suffices to make an action moot). Here, Attorney Tillman has withdrawn the claim for coverage and Guardian Russell has disclaimed any intention of pursuing coverage on behalf of S.M.S. Thus, there is no longer a live controversy between plaintiff and defendant S.M.S.

Plaintiff cites several cases to support its argument that the case is not moot because Mr. Tillman's letter does not foreclose the possibility that the demand for coverage will be reasserted. In Certain Underwriters at Lloyd's London v. Argonaut Ins. Co., 500 F.3d 571 (7th Cir. 2007), the defendant filed a demand for arbitration and then missed a contractual deadline to

select an arbitrator, thereby allowing the plaintiff to select both arbitrators. After the plaintiff filed an action to confirm the arbitrators under the Federal Arbitration Act, the defendant withdrew its demand for arbitration and argued that the FAA action was moot. The court held that the withdrawal did not moot the controversy because the defendant "specifically and expressly reserved all of its rights to seek recovery . . . with regard to this loss at any time in the future." Id. at 573. The court found that the defendant was attempting to avoid the consequences of its failure to timely appoint an arbitrator and was likely to renew its demand for arbitration. Id. at 575. ("When all indications are that the defendant is likely to pursue again the course of conduct giving rise to the action, courts have not hesitated to declare that the controversy is not moot.") In this case, S.M.S. did not expressly reserve her rights to file her claim in the future. More significantly, S.M.S. gains no advantage by withdrawing a claim that she genuinely intends to pursue because nothing in the procedural posture of this case precluded Attorney Tillman or Guardian Russell from seeking leave to file an answer and litigating this case. Thus, there is no basis for finding that S.M.S. withdrew the coverage demand in order to avoid an adjudication of the merits of plaintiff's claim.

The other cases cited by plaintiff are similarly inapplicable. In Safeco Ins. Co. of Am. v. Constitution State Ins. Co., 881 F.2d 1084 (9th Cir. 1989) (unpublished decision), the insurer sought a declaration that it did not have a duty to defend its insureds in various civil actions. The district court declined to exercise jurisdiction and the insurer appealed. After the insurer filed its notice of appeal, the insured defendants withdrew their claims for defense. The Ninth Circuit determined that the appeal was not moot because the insureds expressly reserved the right to

5

reassert their claims at a later time.[3] Here again, defendant S.M.S. has not made such a reservation. In St. Paul Fire & Marine Ins. Co. v. T.J. Lambrecht Construction Co., Inc., No. 01–6496, 2001 WL 1609374, at *3 (N.D. Ill. Dec.14, 2001), the insured was named in a state court personal-injury action and tendered the complaint and multiple amended complaints to the insurer for a defense. The insurer brought a declaratory judgment action in federal court. The insured argued that the action was moot because it did not tender the seventh amended complaint to the insurer for a defense. The court found that the decision not to tender the seventh complaint did not moot the action because there was no indication that the insured would not tender the suit for defense again. Id. By contrast, in this case, there was a single demand for coverage which has been affirmatively withdrawn. Similarly, in Del Webb's Coventry Homes, Inc. v. National Union Fire Ins. Co., No. 13–1330, 2014 WL 5817318, at *2–3 (C.D. Cal. Nov. 10, 2014), the court held that the action was not moot where the insured's withdrawal of its claim for coverage was contingent on favorable rulings from the court on other pending motions. The withdrawal in this case is not subject to any such contingencies.

Plaintiff asserts that the present controversy is not moot because defendant S.M.S., upon reaching adulthood, might choose to assert a claim against the policy. Where "future contingencies . . . will determine whether a controversy ever actually becomes real," courts "should focus on 'the practical likelihood that the contingencies will occur.'" Phusion Projects, Inc., 836 F. Supp. 2d at 733–34 (quoting Associated Indemnity Corp. v. Fairchild Industries, Inc., 961 F.2d 32, 35 (2nd Cir. 1992)) (ellipsis in original). The courts have held that the possibility of a future coverage claim is not a sufficient basis for exercising declaratory judgment jurisdiction. See Associated Indus. Ins. Co., Inc. v. Stahl Cowen Crowley Addis LLC, No. 15 C

---

[3] The court also held, however, that once the insureds withdrew their tender of defenses pending settlement negotiations, "the district court's consideration of the merits of Safeco's claim would be premature and therefore would not serve any useful purpose." Id.

6

4296, 2016 WL 3088142, at *3 (N.D. Ill. June 2, 2016) ("If and when SCCA retenders the defense and indemnity of the LNI litigation to AIIC, AIIC need only file a declaratory judgment suit identical to this one, and all parties involved would be in the same position as they were prior to the withdrawal."); Pacifica, 2013 WL 3205345, at *3 ("Dismissing this action creates an opportunity for [the insured] to select other forums in which to sue, sure, but at this point, future lawsuits are pure speculation."). Furthermore, waiting until there is an actual claim for coverage imposes "no discernible prejudice" on plaintiff. Phusion Projects, Inc., 836 F. Supp. 2d at 734 ("Even in the event defendants decide to assert a claim for coverage at some point in the future . . . , plaintiff will be no worse off at that point than it is today.").

The Court concludes that, because defendant S.M.S. has withdrawn her prior demand for coverage, there is no longer an actual controversy between her and plaintiff. Defendant's motion to dismiss will be granted.

The Court extends its gratitude to Mr. Russell for accepting the appointment as guardian ad litem and for his invaluable assistance in resolving this case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant S.M.S. to dismiss plaintiff's claim for mootness [Doc. # 28] is **granted**.

A separate Dismissal Order will accompany this Memorandum and Order.

Dated this 23rd day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE