UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 4:17CV1552 JMB |
| SHARON SMITH and RANDALL TRAMP, | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment, pursuant to Rule 55(b)(2), Fed. R. Civ. P.

**I.    Background**

Plaintiff Safeco Insurance Company of America issued a policy of homeowners' insurance to Randall Tramp for the period of December 1, 2014, to December 1, 2015. See Policy [Doc. # 19-1]. On October 13, 2016, Tramp pleaded guilty to molesting his daughter S.M.S. for several years, including during the policy's coverage period. See Guilty Plea Petition [Doc. # 19-5]; see also Superseding Indictment [Doc. # 19-4]. In November 2016, S.M.S. and her mother, defendant Sharon Smith, filed a civil action in state court against Tramp, asserting claims for negligence, intentional and negligent infliction of emotional distress, false imprisonment, and assault and battery and child abuse. Petition [Doc. # 19-2]. In April 2017, Smith and S.M.S. made a demand for coverage for their damages under the homeowners' insurance policy.[1] Demand [Doc. # 19-7]. Plaintiff filed this action seeking a declaration that

---

[1] Defendant S.M.S. withdrew her claim for coverage and, on January 23, 2018, the Court dismissed plaintiff's claims against her for mootness. [Doc. # 31].

the homeowners' policy does not afford coverage for the damages sought by S.M.S. and Smith in the state-court action. Defendants have not filed answers or entered their appearances, and default has been entered against them.

**II.     Legal Standard**

Under Fed. R. Civ. P. 55(a), a court may enter a default judgment for failure "to plead or otherwise defend." When the Clerk of the Court has entered default judgment against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, 2009 WL 500837, at *1 n. 2 (E.D. Mo. Feb 27, 2009). Further, '[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc., 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). See Fed.R.Civ.P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**III.    Discussion**

In this diversity action, the Court is bound by the decisions of the Missouri Supreme Court regarding issues of substantive state law. Owners Ins. Co. v. Hughes, 712 F.3d 392, 393 (8th Cir. 2013). Decisions by the Missouri Court of Appeals may be used as "an indication of how the Missouri Supreme Court may rule," but the Court is "not bound to follow these decisions." Id.

In construing the terms of an insurance policy, Missouri courts apply "the meaning an ordinary person of average understanding would attach if purchasing insurance, and resolve[] ambiguities in favor of the insured." Dutton v. Am. Family Mut. Ins. Co., 454 S.W.3d 319, 322 (Mo. 2015). But, "[i]f the policy's language is unambiguous, it must be enforced as written."

Floyd-Tunnell v. Shelter Mut. Ins. Co., 439 S.W.3d 215, 217 (Mo. 2014). Ambiguities arise when there is "duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." Burns v. Smith, 303 S.W.3d 505, 509 (Mo. 2010) (citation omitted). "Definitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable." Todd v. Missouri United Sch. Ins. Council, 223 S.W.3d 156, 163 (Mo. 2007) (en banc). Finally, "[a] court may not create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate." Rodriguez v. Gen. Acc. Ins. Co. of Am., 808 S.W.2d 379, 382 (Mo. 1991) (en banc).

The party seeking to establish coverage under an insurance policy has the burden of proving that his or her claim is within the coverage afforded by the policy. M.A.B. v. Nicely, 911 S.W.2d 313, 315 (Mo. Ct. App. 1995); see also Manner v. Schiermeier, 393 S.W.3d 58, 63 (Mo. 2013) (burden is on insured to show coverage is provided). The homeowners' policy issued to Tramp provides liability coverage "for damages because of ***bodily injury*** . . . caused by an ***occurrence*** to which this coverage applies." Section II – Liability Coverages, Coverage E – Personal Liability [Doc. # 19-1 at p. 34] (emphasis in original). As relevant here, the policy defines "occurrence" as "an accident" which results in "bodily injury." Policy Definitions [Doc. # 19-1 at 45]. "Sexual Molestation cannot be, by its nature, an 'Occurrence' under the policy because it is not 'an accident.'" D.M.A. v. Hungerford, 488 S.W.3d 683, 688 (Mo. Ct. App. 2016), transfer denied (Apr. 12, 2016). In addition, several exclusions in the policy clearly exclude coverage for damages arising from defendant Tramp's conduct, including exclusions 1.a (excluding coverage for bodily injury which is the foreseeable result of the insured's intentional

3

act); 1.b (excluding coverage for bodily injury arising from the insured's violation of criminal law); and 1.k (excluding coverage for bodily injury arising from physical or mental abuse, sexual molestation or sexual harassment).  Liability Losses We Do Not Cover, ¶¶ 1.a, 1.b, 1.k [Doc. # 19-1 at 34-37].

Based on the unambiguous provisions of the homeowners' insurance policy issued by plaintiff to defendant Randall Tramp, there is no insurance coverage for the claims of defendant Smith and her daughter S.M.S. against plaintiff's insured, defendant Randall Tramp.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. # 34] is **granted**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

Dated this 26th day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE